888 F.2d 1387
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Wilbert Allan WEATHERFORD, Defendant-Appellant.
 No. 89-5120.
 United States Court of Appeals, Fourth Circuit.
 Submitted Sept. 14, 1989.
Decided Oct. 11, 1989.
 
 John A. Gibney, Jr., Shuford, Rubin, Gibney & Dunn, on brief for appellant.
 Henry E. Hudson, United States Attorney, N. George Metcalf, Assistant United States Attorney, on brief for appellee.
 Before PHILLIPS, SPROUSE, and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Wilbert Allan Weatherford appeals the judgment of the district court denying his motion to suppress evidence of a firearm seized from him when he was arrested. We affirm.
 
 
 2
 Weatherford was a convicted felon who, while on parole, was charged with a state criminal violation--possession of cocaine--but had been released on bond. The United States Parole Commission issued a warrant to arrest Weatherford for violation of the conditions of his release and forwarded the warrant with a cover sheet to the Warrant Investigation Section in Norfolk, Virginia. The cover sheet contained a notation:
 
 
 3
 The parolee is awaiting trial or sentencing on new charges: hold the warrant in abeyance until you receive further instructions. Do not execute the warrant if the parolee is released on bond. A detainer is not to be filed.
 
 
 4
 (Emphasis in original). Unable to serve the warrant, a copy of it was forwarded to the Federal Marshals Service in Richmond, Virginia, but without the cover sheet and instructions. After discussion with an investigator in Norfolk, the Marshal in Richmond learned that the James City County Police sought Weatherford for an interview in connection with a homicide. Deputy Marshals and James City County Police went to Weatherford's home with the arrest warrant. Neither the Deputy Marshals nor the county police were aware that there had been a covering memorandum initially issued with the arrest warrant or that there were any indications it should be held in abeyance.
 
 
 5
 The officers on their way to Weatherford's residence recognized a passing automobile as one possibly connected with Weatherford. They proceeded to his home and noticed the car which had previously passed them and ascertained that the engine was still warm. Two officers deployed to the rear of the Weatherford residence and the Deputy Marshal accompanied by a detective approached and knocked on the front apartment door. There was a period of silence after which the Marshal heard approaching steps and prior to the opening of the door he heard a clicking sound consistent with that of the cocking of a gun. After the door was opened slightly, the Marshal, recognizing Weatherford, identified himself and indicated a desire to speak with Weatherford. At the same time, he pushed the door against Weatherford and observed him reaching into the waistband of his pants. The Marshal then grabbed Weatherford's hand and reaching into the pants discovered a loaded 9mm pistol. Weatherford was arrested and indicted for possessing a firearm after having been convicted of a felony in violation of 18 U.S.C. Secs. 922(g)(1) and 924(e)(1).
 
 
 6
 He entered a conditional plea of guilty, reserving the right to appeal the trial court's denial of his motion to suppress evidence of possessing the firearm. On appeal, Weatherford contends that his arrest and the attendant seizure of the pistol was constitutionally infirm because of the condition attached by the Parole Commission to the warrant. We find no merit to Weatherford's contentions and affirm. We dispense with oral argument because the facts and the legal contentions are adequately presented in the materials before us and because argument would not aid in the decision process.
 
 
 7
 AFFIRMED.